This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Ohio Bureau of Employment Services has appealed an order of the Lorain County Common Pleas Court that reversed the Unemployment Compensation Review Commission's denial of benefits to Appellee Linda R. Tenny. This Court reverses.
 I.
On September 21, 1989, Appellee began work as a deli and salad preparation employee at Oberlin College (the College). At that time, food services were provided to the College by Marriott. However, on October 1, 1998, the food services employees' payroll was transferred to the College.
On June 3, 1999, Appellee's manager informed her that her services were not required over the summer, but that she could return to work on August 23, 1999. On June 8, 1999, Appellee filed a claim with Appellant, seeking weekly unemployment benefits.
On July 1, 1999, Appellant issued an initial determination, holding that Appellee was separated from the College due to a lack of work, that the separation occurred at the end of the academic term and that she had reasonable assurance of continued employment in the upcoming academic term that autumn. As a result, Appellant disallowed her request for benefits. Appellee appealed that determination. Nevertheless, on July 21, 1999, the Administrator for Appellant affirmed.
Next, Appellee sought review of the July 21, 1999 affirmance by the Unemployment Compensation Review Commission (the Commission), pursuant to R.C. 4141.28(G). On August 31, 1999, after a hearing on the matter, the Commission affirmed Appellant's decision, again disallowing benefits. Appellee's further requests for review were likewise denied by the Commission.
Finally, Appellee appealed the Commission's decision to the Lorain County Common Pleas Court. Finding the past policy, treatment and experience of other College food service employees relevant, on July 11, 2000, the common pleas court reversed the Commission's decision. Appellant timely appealed to this Court, asserting one assignment of error.
 II. The common pleas court erred in its decision reversing [the Commission's] finding that [Appellee's] separation from work did not entitle her to unemployment compensation as there is competent credible evidence in the record that the between terms school disqualification precludes the receipt of benefits.
In its sole assignment of error, Appellant has argued that the common pleas court erred by reversing the Commission's decision to deny unemployment benefits. This Court agrees.
In reviewing the Commission's determination, a common pleas court shall affirm the decision unless it concludes that the decision "was unlawful, unreasonable, or against the manifest weight of the evidence[.]" R.C.4141.28(O)(1). When reviewing a common pleas court's decision, this Court applies the same standard. Tzangas, Plakas Mannos v. Ohio Bur.of Emp. Serv. (1995), 73 Ohio St.3d 694, 696-697. Thus, this Court's analysis must focus on the Commission's decision, not the common pleas court's determination. In the end, a court should reverse the Commission's determination only if that decision is unlawful,
unreasonable, or against the manifest weight of the evidence. Id.
In the instant case, Appellant has argued that the common pleas court unlawfully failed to apply R.C. 4141.29(I)(1)(b). That section provides:
 Benefits based on service for an educational institution or an institution of higher education in other than an instructional, research, or principal administrative capacity, shall not be paid to any individual for any week of unemployment which begins during the period between two successive academic years or terms of the employing educational institution or institution of higher education, provided the individual performed those services for the educational institution or institution of higher education during the first such academic year or term and, there is a reasonable assurance that such individual will perform those services for any educational institution or institution of higher education in the second of such academic years or terms.
After making reference to R.C. 4141.29(I)(1)(b), Appellant made three separate points: (1) Appellee was employed by an institution for higher education during the first academic term; (2) she became unemployed after that term ended; and, (3) there was a reasonable assurance that she would perform the same services in the second academic term. The record supports these assertions. Therefore, this Court concludes that the determination of the Commission was not unlawful, unreasonable, or against the manifest weight of the evidence. Appellant's assignment of error is well taken.
 III.
Appellant's assignment of error is sustained. The judgment of the common pleas court is reversed, and the determination of the Unemployment Compensation Review Commission is hereby reinstated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ BETH WHITMORE
 FOR THE COURT
BATCHELDER, P. J., BAIRD, J., CONCUR.